IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANITA L. STROUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL CASE NO.  04-253-PMF |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**FRAZIER, Magistrate Judge:**

Plaintiff, Anita L. Stroud, seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for disability benefits and supplemental security income. An Administrative Law Judge (ALJ) initially denied Stroud's applications after finding that she was not disabled. That decision was reviewed by the Appeals Council, which remanded for further proceedings. Further proceedings led to a new decision that plaintiff was not disabled. The Appeals Council declined to review the new decision. Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3).

To receive disability benefits or supplemental security income, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A), 1382c(a)(3)(B), 1382c(a)(3)(D).

The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id*.

The ALJ evaluated plaintiff's application through Step 4 of the sequential evaluation and found that she is not disabled because she can perform her past relevant work as a hand packer. Alternatively, the ALJ decided that plaintiff could perform a substantial number of other jobs identified by a vocational expert (R. 17-27).

Plaintiff argues that her case should be remanded because the ALJ failed to evaluate her subjective complaints of pain in light of medication side effects. Defendant argues that the ALJ was not required to make specific findings regarding the impact of medication side effects and further suggests that evidence regarding medication side effects is speculative and unsupported.

Prior to her second hearing, plaintiff supplied a list of her current medications and dosages (R. 392). She testified that her medications made her feel drowsy and caused her to doze off. She thought this side effect would interfere with work (R. 494-495, 515). A vocational expert testified that an ongoing pattern of abnormal sleep behavior could preclude employment (R. 534). The medical records reveal no problems with medication side effects (R. 385, 396-98, 402, 415).

The ALJ recognized the obligation to evaluate plaintiff's symptoms by considering the extent

to which those symptoms were consistent with medical and other evidence (R. 21). When the ALJ summarized plaintiff's testimony, he noted her medications included Celebrex, Tylenol No. 4 and Ativan. He also noted that plaintiff reported drowsiness as a medication side effect (R. 23). The ALJ discredited some of plaintiff's testimony and decided that she retained the ability to perform her prior work as a hand packer. The ALJ did not specifically articulate his assessment of plaintiff's testimony regarding negative medication side effects (R. 26).

When evaluating an applicant's subjective symptoms, ALJs decide whether the symptoms are substantiated by medical evidence. *See* SSR 96-7p at 2; *Luna v. Shalala,* 22 F.3d 687, 691 (7th Cir.1994). If the testimony about the symptoms is not corroborated by objective medical evidence, the ALJ evaluates the effects of the reported symptoms on the individual's functional ability to work, taking into account the claimant's daily activities; past work history and efforts to work; the dosage, effectiveness, and side effects of medication; the nature and intensity of the reported symptoms; medical evidence from treating physicians and third parties; medical evidence and laboratory findings; and the course of treatment. SSR 96-7p at 3, 5; *see Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir.2004); *Luna,* 22 F.3d at 691.

In support of her argument that the ALJ should have articulated his assessment of testimony regarding medication side effects, plaintiff relies on *Beckley v. Apfel*, 152 F.3d 156 (8th Cir. 1998) and *Herron v. Barnhart*, 2003 WL 2204876 (N.D. IL 2003). In *Beckley*, the ALJ failed to consider testimony that medication made the claimant feel "woozy" and "silly." *Beckley* does not reveal a legal error in this case because the ALJ's report refers to plaintiff's testimony regarding medication side effects. That reference is adequate to show that the evidence was considered when plaintiff's subjective symptoms were evaluated.

In *Herron ,* the ALJ failed to report a logical evaluation of evidence that the claimant needed

to lie down for up to two hours during the day because muscle relaxing medication made her feel very drowsy. The Court in *Herron* observed that the claimant's testimony was consistent with or supported by treatment records, a physician's opinion, and a medical expert's testimony.

The Court is not persuaded that plaintiff's circumstances are analogous to those in *Herron*. Plaintiff reported that she might feel sufficiently drowsy to fall asleep for five or ten minutes. She did not indicate that she had this response to medication on a frequent basis. Hence, the ALJ had no reason to accept plaintiff's prediction that she would doze at unpredictable times during normal working hours. Furthermore, because no medical evidence linked significant negative side effects to medication that plaintiff took on a regular basis, the ALJ had no obligation to conclude that the reported need to doze for short periods was an ongoing pattern of behavior that would interfere with work activity.

ALJs are not required to provide a written evaluation of every piece of evidence. Rather, they need to minimally articulate the assessment of important evidence of disability and build a bridge of logic connecting evidence to their conclusions. *Steward v. Bowen,* 858 F.2d 1295, 1299 (7th Cir.1988). The ALJ's discussion of the evidence satisfies the legal standard. That is, the ALJ considered relevant evidence regarding the impact of pain and other restrictions and limitations on plaintiff's ability to function in the workplace and explained how he determined that plaintiff retained the ability to perform her prior work as a hand packer (R. 21-25).

The Commissioner's final decision regarding Anita L. Stroud's applications for disability benefits and supplemental security income is AFFIRMED.

DATED:     September 30, 2005     .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**